**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

　　Plaintiff-Appellee,

v.　　　　　　　　　　　　　　　　　　　**NO. 28,485**

**QUINN ANTHONY RANSOM,**

　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Corey J. Thompson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Defendant appeals from his convictions for possession of drug paraphernalia, possession of cocaine, and tampering with evidence. In this Court's first notice of proposed summary disposition, we proposed to reverse, based on the facts as described in Defendant's docketing statement. The State timely responded with a

memorandum in opposition to our proposed disposition and indicated that its review of the transcript showed that the facts were not as Defendant had described them. Based on the State's recitation of the facts, this Court issued a second notice of proposed summary disposition, in which we proposed to affirm. Defendant has timely responded with a memorandum in opposition to our second proposed summary disposition. In his memorandum, Defendant does not dispute the facts as described by the State, and instead, without discussing the State's recitation of the facts or indicating whether Defendant has also reviewed the transcript, continues to argue that reversal is appropriate under the facts provided in Defendant's docketing statement. [Def.'s MIO 3 n.1] Defendant also seeks to amend the docketing statement to add an additional issue. Because Defendant's motion to amend does not raise a viable issue, we deny the motion. And as Defendant has not controverted the facts as described by the State, we rely on those facts to hold that summary affirmance is appropriate.

**Defendant's Initial Encounter With the Police**

Defendant argues that the evidence obtained by the police should have been suppressed as the fruit of his illegal detention. [DS 7-9] In our first notice, we indicated that the fact that the two officers stood on either side of Defendant and poured out his beer immediately upon approaching him suggested that a reasonable

person would not feel free to leave under the circumstances. *See State v. Patterson*, 2006-NMCA-037, ¶ 18, 139 N.M. 322, 131 P.3d 1286 (indicating that an encounter with the police is an investigatory detention rather than a consensual encounter if a reasonable person would not feel free to terminate the encounter, given the totality of the circumstances). Based on the State's presentation of the facts, however, we now hold that the initial encounter between Defendant and the police was consensual, such that Defendant's Fourth Amendment rights were not implicated.

The New Mexico Supreme Court has recognized that a reasonable person would not feel free to terminate an encounter with police under certain circumstances, such as when the person is confronted with "the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the [suspect], . . . or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." *State v. Jason L.*, 2000-NMSC-018, ¶ 16, 129 N.M. 119, 2 P.3d 856 (internal quotation marks and citation omitted). None of these circumstances was present. Although the officers stood on either side of Defendant when they began to speak with him, evidence was presented that there were at least five feet between each officer and Defendant and that the officers were not in the way of one of the two sets of stairs leading to the ground floor. [State's MIO 5]

3

Furthermore, it appears that there was evidence presented that the officers did not pour out Defendant's beer until after Defendant had been arrested for trespassing. [State's MIO 6] Accordingly, we conclude that the fact that the officers emptied Defendant's beer is not relevant to the question of whether the initial encounter between Defendant and the officers was a consensual encounter or a seizure. In the absence of any other evidence that the officers' conduct suggested that Defendant was required to remain where he was and answer the officers' questions, we do not believe that the fact that two armed, uniformed officers approached Defendant and stood five feet from him while questioning him was the sort of display of authority that constitutes a seizure. *See State v. Talley*, 2008-NMCA-148, ¶¶ 9-12, 145 N.M. 127, 194 P.3d 742 (holding that the presence of two officers questioning a defendant does not alone constitute a "threatening presence" that transforms an otherwise consensual encounter into a seizure), *cert. denied*, 2008-NMCERT-009, 145 N.M. 257, 196 P.3d 488. We therefore hold that the district court did not err in denying Defendant's motion to suppress.

**The Claimed *Miranda* Violation**

Defendant contends that his responses to police questioning regarding his right to be on the property should have been excluded since these statements were obtained

in violation of the Fifth Amendment as protected by *Miranda v. Arizona*, 384 U.S. 436 (1966). These statements were obtained prior to Defendant's formal arrest, while the officers questioned Defendant. [DS 4, 9] Defendant argues that because no reasonable person would have felt free to leave under the circumstances, he was entitled to *Miranda* warnings. [DS 9]

We hold that Defendant was not in custody so as to trigger his rights under the Fifth Amendment. A person is in custody for Fifth Amendment purposes if he has been subject to a formal arrest or "restraint on freedom of movement of the degree associated with a formal arrest." *See State v. Wilson*, 2007-NMCA-111, ¶ 14, 142 N.M. 737, 169 P.3d 1184 (internal quotation marks and citation omitted). Our conclusion that the facts do not rise to the level of an investigatory detention for Fourth Amendment purposes necessarily require the conclusion that Defendant was not in custody for Fifth Amendment purposes. Prior to Defendant's formal arrest, he was questioned by the police only briefly, in an area visible to the public and accessible to those living in the apartment complex, in early evening—when it still would have been light out in August. [DS 3-5] The situation was not overly police-dominated, as there were only two officers. [DS 3-5] *See State v. Javier M.*, 2001-NMSC-030, ¶¶ 21-23, 131 N.M. 1, 33 P.3d 1 (considering whether the defendant was

isolated by the police, the length of the detention, and whether the situation was police-dominated, in determining whether the defendant was in custody for purposes of *Miranda*). As these facts do not rise to the level of a custodial arrest, we hold that Defendant was not entitled to *Miranda* warnings.

**The Lesser-Included Offense Instruction**

Defendant argues that he was entitled to a jury instruction on the lesser-included offense of attempt to possess cocaine. [DS 10] A defendant is entitled to jury instructions on his theory of the case if there is evidence to support the instruction, and the failure to give such an instruction is reversible error. *State v. Brown*, 1996-NMSC-073, ¶ 34, 122 N.M. 724, 931 P.2d 69. However, such errors are subject to harmless error review, *see State v. Coffin*, 1999-NMSC-038, ¶ 21, 128 N.M. 192, 991 P.2d 477, and we hold that any error was harmless in this case.

The evidence presented at trial to support Defendant's proposed instruction included that he went to the apartment complex to buy crack cocaine, but failed to complete the transaction before the police arrived. [DS 5-6] There was also evidence that Defendant never spit anything out of his mouth. [DS 6] Even if this evidence was sufficient to warrant an instruction on Defendant's theory that he merely *attempted* to possess cocaine, the failure to so instruct the jury was harmless. The jury convicted

Defendant of tampering with evidence. [RP 122] In so doing, the jury was required to find that Defendant "hid and/or disposed of [c]ocaine" in order to "prevent the apprehension, prosecution, or conviction of himself." [RP 130] As the jury had to find that Defendant possessed cocaine in order to hide or dispose of it, it seems clear that the jury rejected Defendant's claim that he never possessed cocaine, and instead credited the police, who testified that Defendant had crack in his mouth, that they saw him spit it out, and that they later found it on the ground underneath the balcony. [DS 5] Where the jury rejected the testimony that would have supported this instruction, we find the error to have been harmless. *Cf. Lovato v. Crawford & Co.*, 2003-NMCA-088, ¶ 28, 134 N.M. 108, 73 P.3d 246 (finding any error in refusing to give a jury instruction to be harmless when the jury rejected the factual basis of the proposed instruction).

**Defendant's Motion to Amend the Docketing Statement**

Defendant moves to amend the docketing statement to add a claim that he was deprived of his right to confront the witnesses against him when an officer testified about the informant's statements to the police at a suppression hearing. [Def.'s MIO 3, 22-26] However, as Defendant acknowledges, *State v. Rivera*, 2008-NMSC-056, ¶ 23, 144 N.M. 836, 192 P.3d 1213, forecloses such an argument since it holds that

7

the Confrontation Clause does not apply to suppression hearings. Accordingly, we deny Defendant's motion to amend.

Therefore, for the reasons stated in this opinion and in our notices of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

 

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**CELIA FOY CASTILLO, Judge**